IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-01278-RM-MJW

E AUTOXCHANGE, LLC,

     Plaintiff;

v.

ACADEMY, LLC,
     d/b/a PHIL LONG FORD OF CHAPEL HILLS, a Colorado Limited Liability
     Company,

     Defendant.

---

PROTECTIVE ORDER ( Docket p̶ 22 - 1 )

---

THIS COURT has reviewed the *Stipulated Motion for Entry of Protective Order,* and is apprised on its premises.  The Court hereby orders the following:

1.    This Protective Order shall apply to all documents, materials, and electronically stored information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    Information designated "CONFIDENTIAL" shall be information that constitutes or discloses information that is not readily ascertainable, through proper means, by either the public or either party to this lawsuits' (individually "Party," collectively "Parties") competitors or potential competitors.  All copies abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents or other discovery designated as "CONFIDENTIAL" shall also be deemed

confidential. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

    3.    CONFIDENTIAL documents, materials, and/or information shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.    attorneys actively working on this case;

    b.    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys for a purpose(s) related to this lawsuit;

    c.    the Parties;

    d.    expert witnesses and consultants retained in connection with this proceeding;

    e.    the Court and its employees ("Court Personnel");

    f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.    deponents, witnesses, or potential witnesses; and

    h.    other persons by written agreement of the Parties.

4.     Prior to disclosing any CONFIDENTIAL information to a person included in Section 3 of this Order, above (other than counsel, *pro se* Parties, persons employed by counsel, Court Personnel and stenographic reporters), counsel for the Party disclosing such CONFIDENTIAL information must provide such person with a copy of this Protective Order and must obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by the counsel who obtained such acknowledgement and shall be subject to in-camera review by the Court if good cause is demonstrated by opposing counsel.

5.     Documents are designated as CONFIDENTIAL by placing or affixing on them, in a manner that is legible, and will not interfere with the document's legibility, the following or other appropriate notice: "CONFIDENTIAL."  If a document contains such notice on its first page, all pages of such document are designated CONFIDENTIAL.

6.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7.     A Party may object to the other Party's designation of particular information as CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to

3

which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be designated CONFIDENTIAL, or otherwise subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall be designated as CONFIDENTIAL. In connection with a motion filed under this provision, the designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

8.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents. No Party may retain any CONFIDENTIAL information, or any information derived from CONFIDENTIAL information. In addition, each Party must ensure that any person or entity to whom the Party provided any CONFIDENTIAL information returns or destroys all such information and all information derived from such information. Where the Parties agree to destroy CONFIDENTIAL documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

*Signature page follows.*

4

Entered this 28TH DAY of July 2014

The Honorable Michael J. Watanabe
U.S. District Court Magistrate Judge